### H. T. CROWDES *v.* J. H. TUCKER, ET AL.

**Principal and Surety—Notice to Collect.**

> By the failure of the holder of a note or judgment to prosecute a suit or cause execution to be issued, after being notified in writing by a surety, such holder can only thereafter collect from such surety the proper share of such surety according to the then existing condition of the several obligors.

### APPEAL FROM MARION CIRCUIT COURT.

#### September 15, 1877.

OPINION BY JUDGE ELLIOTT:

It appears from the record in this case that James Crowdes, H. T. Crowdes and others executed two notes to appellees of $1,000 each, and one of $500, and that appellee and H. T. Crowdes and James and W. H. Crowdes executed a note for over $900 to Mrs. Gartin.

Appellee paid off the Gartin debt after judgment had been rendered on it, and the benefit thereof was assigned to him. Appellant was the principal in all of the $500 debt except $100 or $115, according to the proof.

In the spring of 1868 H. T. Crowdes gave the attorney of Tucker notice that, unless Tucker sued out execution and attempted to make his judgment debts in all the judgments rendered against him in the Marion Circuit Court in Tucker's favor, he should consider himself released from all obligation to pay them, as he was only surety of others in the debts on which the judgment has been obtained. According to the evidence appellant was only surety in the two notes for $1,000 each, executed by James Crowdes, H. T. Crowdes and others; he and M. W. Crowdes and appellee were all sureties of James Crowdes to Mrs. Gartin on her note for over $900; and all the parties to it became insolvent but appellee and H. T. Crowdes before the bringing of this suit.

By the 10th section, Chap. 97, Rev. Stat., it is provided that "a

surety, co-obligor, co-contractor, or one of several defendants to a judgment or decree may, by notice in writing, served in person within the state on the creditor or plaintiff or his attorney, requiring him to sue or issue execution, and if the creditor shall not sue to the next term thereafter at which he can obtain judgment and in good faith prosecute the suit with reasonable diligence, or if the plaintiff shall not within ten days thereafter sue out execution and in good faith prosecute the collection thereof, such surety, co-obligor, co-contractor or defendant shall be discharged from all liability as such except for the proper share of such co-obligor, co-contractor or defendant according to the then existing condition of the several obligors, contractors or defendants; and in any joint suit against the whole or separate suit against them judgment shall be rendered against him separately and only for such proper share."

It will be seen from this provision of the statute that unless it is complied with after the required notice in writing is given, the party giving it is discharged from all liability except his proper share according to the existing condition of the several obligors, contractors or defendants, and we are of opinion "his proper share" means the portion of the debt that he really owes as between himself and his co-sureties, co-obligors, co-contractors or co-defendants; and according to this construction of the statute the appellant was released from all liability as to the two judgments of appellee against James Crowdes, himself and others because of the failure of appellee to sue out execution within ten days after appellant's notice was served on his attorney.

But the notice did not cover the Gartin judgment and appellant owed as much of the five-hundred-dollar claim as was adjudged against him, and therefore as to these two debts the judgment is *affirmed*.

But the balance of the judgment of appellee against appellant is *reversed* and cause remanded with directions to dismiss the appellees' action as against appellant and others so far as appellant is concerned.

*W. B. Harrison, for appellant.*